## J. L. VANAUSDELN, *et al.*, V. D. L. CRENSHAW.

CONTRACT OF SALE; *Time for Performance; Failure; Rights of Vendor and Vendee.* Where A., on April 27th, contracts to sell and deliver to B., within three weeks, a combined reaper and mower, and in ten days delivers the mower without the reaping attachment, receiving a small payment thereon, and does not deliver the reaping attachment for more than seven weeks thereafter, and then offers it to B., who refuses to accept it, and thereupon A. offers to take back the mower and return all money received, with interest, which proposition B. declines to accept, and refuses to return the mower, and it does not appear what amount of damages, if any, B. has sustained by the failure to deliver the reaping attachment within the three weeks as agreed, *held,* that a judgment in favor of A. for the unpaid value of the mower will not be disturbed.

### Error from Crawford District Court.

ACTION by *Crenshaw* as plaintiff against *Vanausdeln* and *A. Camblen* to recover balance due on sale of reaper. The facts are fully stated in the opinion. The district court, at the September Term 1874, gave judgment for plaintiff, and defendants bring the case here on error.

*M. A. Wood,* and *J. T. Bridgens,* for plaintiffs in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error to recover for a mowing machine sold and delivered to plaintiffs in error. The case was tried by the court without a jury. The testimony is not before us, but only the findings of fact, and conclusions of law; and the only question presented is, whether upon the findings the proper judgment was entered. The findings are, that Crenshaw on April 27th 1874 sold to the defendants a combined reaper and mower for $150, to be delivered within three weeks; that in ten days thereafter the mower was delivered without the reaping attachment, and $25 paid; that the reaping attachment was not delivered nor tendered until June 18th; that on June 16th the defendants thinking they could wait no longer purchased two machines of other parties, and refused to receive the reaping attachment when tendered; that on the 19th of June 1874 the plaintiff offered to take back the mowing machine, return the money received with 25 per cent. interest, and to pay the defendants for one trip to Girard, and to release them from all obligations on the contract; that this offer the defendants refused unless plaintiff would pay them for six trips to Girard which they had taken to secure the reaping attachment, and which they claimed to be worth $2.50 per trip; that the defendants still keep the mowing-machine, and that it is worth $100.

Upon these findings was a judgment for $75 in favor of Crenshaw erroneous? We think not. True, the contract was for a combined reaper and mower; but the mower had been delivered, and when the reaping attachment was tendered the defendants refused to receive it. It does not lie in their mouths therefore to say that the plaintiff has not completed his contract. They refuse to receive the reaping attachment, and refuse to return the mower. This mower is worth $100. They have paid but $25. What right have they to the plaintiff's property without paying for it? But, say the defendants, the plaintiff did not perform his contract in time; he was to

deliver it in three weeks from April 27th, and did not offer to deliver until June 18th, more than seven weeks thereafter. Concede all that, and if they have suffered any damage by reason of the plaintiff's delay, and time was of the essence of the contract, they could recoup such damages. But no damages are found. True, they bought other machines; but it does not appear what they paid for them; or that they paid more than their actual value; or that they could not turn round and sell them immediately at a profit. It does not appear that they are damaged to the amount of a farthing by this. They took six trips to Girard, which they claim were worth $2.50 per trip, but there is no finding that they were worth a cent, or had cost a cent, or that they had lost anything thereby. Surely, there is nothing from which we can say what damages, if any, they sustained by reason of the delay.

Upon the facts therefore as found, we do not see that there was any error in the judgment, and it must be affirmed.

All the Justices concurring.